UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ESTHER KOONTZ,** | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 17-cv-4099 |
| **RANDALL D. WATSON,** **Kansas Commissioner of Education,** in his official capacity, | ) ) ) ) ) |
| Defendant. | ) ) |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

For the reasons stated in Plaintiff's accompanying Memorandum in Support of Plaintiff's Motion for Preliminary Injunction, Plaintiff seeks a preliminary injunction to prevent the further of enforcement of House Bill 2409 (the "Act"), which requires state contractors to certify that they are not engaged in boycotts of Israel.

Plaintiff Esther Koontz is a curriculum coach and veteran math teacher at a public school in Wichita, Kansas, and a member of the Mennonite Church USA. In response to calls for boycott made by her church and members of her congregation, Ms. Koontz is currently participating in a boycott of goods and services offered by Israeli companies and international companies operating in Israeli settlements in the occupied Palestinian territories. Defendant Kansas State Department of Education ("KSDE") selected Ms. Koontz to work as a "teacher trainer," training other math teachers in connection with its Math and Science Partnerships program. But, when Ms. Koontz told the state that she could not sign the Certification as a matter of conscience, the state refused to contract with her.

The Act violates the First Amendment by imposing an ideological litmus test designed to penalize state contractors on the basis of their protected political beliefs and associations, and by restricting state contractors from engaging in protected expression without any legitimate justification. The Act also violates the Equal Protection Clause by burdening disfavored speakers in the exercise of their fundamental First Amendment rights. Plaintiff has demonstrated in her memorandum of law that she is subtantailly likely to prevail on the merits; Plaintiff and other state contractors will suffer irreparable harm absent an injunction; the harm to Plaintiff and other state contractors outweighs any conceivable harm to the state; and the public interest supports the issuance of a preliminary injunction.

Accordingly, this Court should grant Plaintiff's motion for a preliminary injunction prohibiting Defendant from enforcing the Act with respect to all KDSE contractors. Alternatively, the Court should grant Plaintiff's motion for a preliminary injunction prohibiting Defendant from enforcing the Act with respect to herself.

Respectfully submitted,

/s/ Stephen Douglas Bonney
Stephen Douglas Bonney, KS Bar No. 12322
ACLU Foundation of Kansas
6701 W. 64th Street, Suite 210
Overland Park, KS 66202
Telephone: (913) 490-4102
dbonney@aclukansas.org

Brian Hauss*
Vera Eidelman*
Ben Wizner*
ACLU Foundation
Speech, Privacy & Technology Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500

> bhauss@aclu.org
> veidelman@aclu.org
> bwizner@aclu.org

*Pro hac vice* applications forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2017, I caused a copy of this Plaintiff's Motion for Preliminary Injunction to be served on the following, both by electronic mail and by first class mail.

> Randall Watson
> Kansas Commissioner of Education
> 900 SW Jackson Street
> Topeka, KS 66612
> rwatson@ksde.org
>
> Derek Schmidt
> Attorney General of Kansas
> Memorial Hall, 2nd Floor
> 120 SW 10th Street
> Topeka, KS 66612
> general@ksag.org

DATED this 11th day of October, 2017.   /s/ Stephen Douglas Bonney
                                        Stephen Douglas Bonney